**96**

Jake Benjamin PRUITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 35214.

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

Rehearing Denied April 17, 1963.

———◆———

Z. D. Allen, Crampton & Crampton, Wichita Falls, for appellant.

Stanley Kirk, Dist. Atty., Wichita Falls, Stanley M. Vickers and James H. Doores,

Asst. Dist. Attys., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is attempted rape; the punishment, two years in the penitentiary.

The facts of this case, as developed by the state, show that Officer J. H. Williams, while patroling a little-used road outside Wichita Falls, saw an automobile pull off the road and stop. When he approached it he at first saw no one but then observed appellant getting up from the back seat. The prosecuting witness, a twelve-year-old girl, was lying on her back in the rear of the car, with her clothes disarranged. The officer later observed her putting on a pair of panties.

The prosecuting witness testified that about four or five months before this the appellant had begun playing with her breasts, putting his hand in her panties "and different things." Her testimony as to attempted penetration was not clear on direct examination but when called as a rebuttal witness she testified to actual penetration on the day in question.

The appellant gave a confession, which was placed in evidence, admitting acts of fondling the prosecutrix. He took the stand, however, and denied any attempts at intercourse with the girl. He also testified that he was incapable of having intercourse and was substantiated by his wife on this point.

The only complaint leveled in the appellant's brief relates to the jury argument of the prosecution. This question is presented in a formal bill of exception approved by the court. It reflects that in his closing argument the prosecutor said:

"One other thing I might say or I might reiterate if you let this defendant go he will never be tried for this offense again *or anything* or any lesser offense concerning this particular occurrence that happened on the 29th day of ———. * * *" (Emphasis ours.)

The appellant objected to this on the grounds that the defendant could be tried for fondling, even though he were acquitted on the charge of attempted rape.

The remark was not that he *could not* but that he *will never* be tried for any lesser offense concerning the occurrence.

While the remark might not have been proper, we see no reversible error reflected thereby. We think the prosecutor was telling the jury what the future policy of his office would be. We doubt that any district attorney would pursue the prosecution further in a case of this kind and resort to a fondling prosecution if his efforts failed to secure a conviction under the girl's testimony as to the occasion she and the appellant were found in the car.

While we recognize the established rule that fondling is not a lesser included offense of rape, from what we have said we do not feel that the complained-of remark constitutes error calling for a reversal.

Finding the evidence sufficient to sustain the jury's verdict, the judgment is affirmed.